UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12252-WLH-KS | | Date | April 13, 2026 |
|---|---|---|---|---|
| Title | *Alfredo Gonzalez v. Soho House West Hollywood LLC et al* | | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8] [13]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion").  ("Motion to Remand," Dkt. No. 8) ("Mot.").  For the reasons explained herein, the Court **GRANTS** the Motion.

## I.     BACKGROUND

Plaintiff Alfredo Gonzalez ("Plaintiff"), individually and behalf of all others similarly situated, brought this class action suit against Defendants Soho House West Hollywood LLC, LA 1000 Santa Fe, LLC and Little Beach House Malibu, LLC ("Defendants") in Los Angeles Superior Court.  ("Complaint," Dkt. No. 1-1).  Plaintiff alleges that Defendants paid overtime wages, meal period premiums and waiting time penalties, but that those wages and penalties were underpaid because Defendants miscalculated the amount owed.  (*Id.*).  Plaintiff brought the following causes of actions against Defendants:  failure to pay overtime wages, failure to provide meal periods, failure to pay vested vacation wages, failure to pay all wages due upon separation of employment and unfair and unlawful business practices.  (*Id.*).  Plaintiff alleges that Defendants have increased their profits by violating state wage and hour laws by, among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

other things: (i) failing to pay all overtime, vacation, and sick wages; (ii) failing to provide meal periods or pay meal period premiums; and (iii) failing to pay all wages due upon separation of employment. (*Id*. ¶ 3).

During the relevant time period, Plaintiff alleges Defendants employed Plaintiff and class members as non-exempt or hourly-paid employees throughout California at Defendants' California locations. (*Id*. ¶ 24). Plaintiff contends that Defendants knew that Plaintiff and class members were entitled to overtime compensation at 1.5 times their regular rate of pay and paid sick days at either their regular rate of pay or by dividing Plaintiff's and class members' total wages by the total hours worked in the full pay periods of the prior 90 days of employment. (*Id*. ¶ 25). Defendants allegedly failed to pay Plaintiff and class members the applicable overtime wages owed for all hours worked and payment for sick days at the correct rate due to Defendants' alleged policy and practice of failing to include mandatory service charges in the regular rate of pay. (*Id*.). Thus, Defendants allegedly failed to pay Plaintiff and class members for all overtime wages. (*Id*.).

Additionally, Plaintiff asserts that Defendants also knew that Plaintiff and class members were entitled to receive 30-minute, uninterrupted, duty-free meal periods for every five hours worked or payment of meal period premiums at their regular rate of pay in lieu thereof. (*Id*. ¶ 26). Plaintiff contends that Defendants failed to provide Plaintiff and class members with 30-minute, uninterrupted, duty-free meal periods for every five hours worked and failed to pay meal period premiums at their regular rate of pay. (*Id*.). Specifically, when Defendants paid meal period premiums, Plaintiff alleges that Defendants did so using Plaintiff and class members' base hourly rate rather than their regular rate of pay. (*Id*.). Plaintiff also contends that Defendants knew that Plaintiff and class members were entitled to timely payment of wages due upon separation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

employment.  (*Id*. ¶ 28).  When Defendants paid Plaintiff and class members waiting time penalties, however, Defendants paid the penalties using Plaintiff's and class members' base hourly rate rather than at their daily rate.  (*Id*.).  Again, Plaintiff contends that he and the class members did not receive all waiting time penalties owed.  (*Id*.).  Plaintiff seeks monetary relief against Defendants on behalf of himself and all other similarly situated in California to recover, among other things, unpaid wages and statutory penalties.  (*Id*. ¶ 4).

On October 29, 2025, Plaintiff filed this action in Los Angeles County Superior Court.  ("Notice of Removal," Dkt. No. 1).  Defendants removed this action from state court on December 26, 2025.  (*Id*.).  Plaintiff then filed this Motion on January 23, 2026 (*see generally* Mot.), which Defendants opposed (Opp'n., Dkt. No. 16).  Plaintiff filed its Reply.  (Reply, Dkt. No. 17).

## II.    DISCUSSION

### A. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and quotation marks omitted).  Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal….'"  *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)).

The Class Action Fairness Act ("CAFA") provides that a federal district court may exercise subject matter jurisdiction over a putative class action in which:  (1) the aggregate number of members of all proposed plaintiff classes is 100 or more persons; (2) the parties are "minimally diverse" (where any one plaintiff is a citizen of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

state different from any defendant); and (3) the amount in controversy exceeds
$5,000,000.  28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21
(9th Cir. 2007).  Unlike cases removed under diversity jurisdiction, however, "no
antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee Basin
Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Although "a defendant's notice of removal need include only a plausible allegation
that the amount in controversy exceeds the jurisdictional threshold," when the allegation
is challenged, "[e]vidence establishing the amount is required."  *Id.*  "[B]oth sides submit
proof," and the court decides whether the defendant has demonstrated, by a
preponderance of the evidence, that the amount in controversy requirement has been
satisfied.  *Id*. at 88.  Such evidence may include "affidavits or declarations, or other
summary-judgment-type evidence relevant to the amount in controversy at the time of
removal."  *Ibarra*, 775 F.3d at 1197 (internal quotation marks omitted) (quoting *Singer v.
State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Whether the
defendant satisfies this requirement is "to be tested by consideration of real evidence and
the reality of what is at stake in the litigation, using reasonable assumptions underlying
the defendant's theory of damages exposure" as "mere speculation and conjecture, with
unreasonable assumptions" cannot suffice.  *Id*. at 1197-98.

### B. <u>Analysis</u>

Plaintiff moves to remand alleging that the Court lacks subject-matter jurisdiction
because Defendant has failed to adequately demonstrate that over $5 million is in
controversy as required by CAFA.[1]  "In determining the amount in controversy, courts

---

[1] Plaintiff does not dispute that Defendant has properly pled the other two CAFA requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

first look to the complaint."[2]  *Ibarra*, 775 F.3d at 1197.  "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  "[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 87.  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id*

The Ninth Circuit has identified "three principles that apply in CAFA removal cases."  *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019).

> First, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements.  Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions.  Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.

*Id.* (citations omitted).  "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'"  *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1199).  "Such 'assumptions cannot be pulled from thin air but need some reasonable ground underlying them.'"  *Id*. (quoting *Ibarra*, 775 F.3d at 1199).  "An assumption may be reasonable if it is founded on the allegations of the complaint."  *Id*.

---

[2] "[T]he amount in controversy is determined by the complaint *operative at the time of removal* and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

"[T]he plaintiff can contest the amount in controversy by making . . . a 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)).  "A factual attack 'contests the truth of the . . . allegations' themselves. *Harris*, 980 F.3d at 699.  "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Id.* (citing *Ibarra*, 775 F.3d at 1197). Although a plaintiff may rely on evidence to mount a factual attack, "[a] factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700.  When federal jurisdiction is challenged and the amount of damages is not evident from the face of the complaint, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Ibarra*, 775 F.3d at 1197 (citing *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)).

Here, Plaintiff has not alleged that either he or the class incurred any specific amount of damages.  (*See generally* Compl.).  Plaintiff, however, expressly asserted that the underpaid overtime, underpaid meal period premiums and underpaid waiting time penalties serve as the basis for recovery, not the full amount of overtime, full meal period premiums and full waiting time penalties.  (*Id.*).  Plaintiff asserts as much in his Complaint, which "is based on the allegation that Defendants underpaid, not that they did not pay altogether."  (Mot. at 3).  For example, as it relates to overtime wages, the removed complaint states, "Defendants failed to pay Plaintiff and Class Members the applicable overtime wage for all hours worked and payment for sick days at *the correct rate* due to Defendants' policy and practice of failing to include mandatory service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

charges in the regular rate of pay.").  (Compl. ¶ 25) (emphasis added).  The Complaint also asserts, "Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay for all overtime hours worked at the *correct rate of pay*." (*Id*. ¶ 34).  Thus, although he did receive overtime wages, Plaintiff contends that "Defendants underpaid overtime [by failing to use the correct rate of pay], not that they did not pay overtime altogether." (Mot. at 3).  The basis for recovery put at issue by Plaintiff's Complaint is the difference between the overtime previously paid to him and the overtime owed.  (Mot. at 3).

The allegations as they relate to the meal period premiums and waiting time penalties reflect the allegations as to Plaintiff's underpaid overtime wages.  (*See generally* Compl.).  In the Complaint, Plaintiff states, "[s]pecifically, when Defendants paid meal period premiums, they did so [at] Plaintiff and Class Members' base hourly rate rather than at their regular rate of pay." (*Id*. ¶ 26).  Plaintiff again contends, "Defendants failed to pay Plaintiff and Class Members meal period premiums at the regular rate of pay for missed, late, and/or short meal periods." (*Id*. ¶ 46).  Similarly, Plaintiff's waiting time penalty claim is based on the allegations that Defendants underpaid waiting time penalties, not that they did not pay waiting time penalties altogether.  For example, Plaintiff concludes, "when Defendants paid Plaintiff and Class Members waiting time penalties, Defendants paid the penalties using Plaintiff's and Class Members' base hourly rate rather than their daily rate.  As a result, in violation of the Labor Code, Plaintiff and Class Members did not receive all waiting time penalties owed." (*Id*. ¶ 28).  Plaintiff even concedes that Defendants *did* pay Plaintiff and the relevant class members *some* portion of waiting time penalties, just not the full amount that Plaintiff asserts was owed.  (*See id*. ¶ 55) ("While Defendants paid waiting time penalties to Plaintiff and Class Members, the waiting time penalties were paid at Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

and Class Members' base hourly rate rather than their daily wage rate."). Based on the above allegations, the Court finds that the difference between what was paid and what is owed serves as the basis for recovery.

Defendants, however, in asserting that the amount in controversy totals over $8 million (Notice of Removal ¶ 34) base this amount on the assumption that each putative class member may recover a full refund of overtime wages, meal period premiums and waiting time penalties. (*See generally id*.). Although Defendants' notice of removal need only include plausible allegations that the amount in controversy exceeds $5 million, Defendants fail to support this position. (*Id*.). In particular, Defendants calculate the amounts placed in controversy by these claims to be:

- Defendants have assumed that each Class Member is owed an hour of overtime for 20% of all shifts worked regardless of their length during the class period, amounting to **$3,321,595** in controversy (1 hour of overtime × [494,000 shifts × 20%] × [$22.40 average hourly rate × 1.5 overtime factor]). (Notice of Removal ¶ 34).

- Defendants have also assumed that each Class Member is owed a meal period premiums for 20% of all shifts worked regardless of the length of those shifts, amounting to **$2,213,120** in controversy ($22.40 average hourly rate × 494,000 shifts × 20% violation rate). (*Id*. ¶ 26).

- Defendants further have assumed that each terminated Class Member is owed the maximum amount of waiting time penalties, amounting to **$1,183,644** in controversy (231 separated employees × 8 hours × 30 days × $21.35 average hourly rate of pay). (*Id*. ¶ 29).

- Defendants have assumed **$1,679,590** in attorneys' fees, relying on the 25% benchmark. (*Id*. ¶ 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

As set forth below, these calculations do not satisfy Defendants' burden because these amounts are speculative and unsupported (or based upon speculative amounts (*i.e.* the attorneys' fees)) by the allegations in the removed complaint.

Once a plaintiff contests the reasonableness of a defendant's assumptions regarding the amount-in-controversy requirement, the defendant has the burden of proving by a preponderance of the evidence that her assumptions were reasonable. *See Harris*, 980 F.3d at 701 ("Once Harris contested the reasonableness of KMI's assumptions, KMI had the burden of proving by a preponderance of the evidence that its assumptions were reasonable. A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold."). A lower court may find that a defendant has not carried this burden by failing to provide evidence to support its assumptions. *See id.* ("KMI did not carry this burden because it relied on assumptions regarding the Meal Period and Rest Period subclasses that were unreasonable. As the district court found, KMI has failed to provide any evidence to support its assumption that all 442 Hourly Employee Class members were the same as the members of the Meal Period Sub-Class or the Rest Period Sub-Class or that they all worked shifts long enough to qualify for meal or rest periods.").

Here, the Court finds that Defendants have not satisfied their burden of supporting the reasonableness of their assumptions. In response to Plaintiff's factual attack, Defendants' only response to support their calculations is that Plaintiff alleged that he and the relevant class members are owed an hour of overtime for 20% of all shifts, meal period premiums for 20% of all shifts and the maximum amount of waiting time penalties. (Opp'n. at 6). Defendants simply state, "Plaintiff cannot now claim something less is in controversy when he deliberately chose not to limit or qualify his allegations in the Complaint." (Opp'n. at 6). Defendants do not present any other evidence to support

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

its assumption or submit a single declaration.  Argument by counsel is of course not evidence.

Plaintiff, however, does limit the allegations of the Complaint to the *underpaid* overtime wages, meal period premiums and waiting time penalties.  (*See generally* Compl.).  As it relates to overtime wages, meal period premiums and waiting time penalties, Plaintiff consistently asserts in his Complaint that he and the relevant class members were "underpaid," and that although they did receive *some* payment, they did not receive what they were owed.  (*Id*. ¶¶ 25-26, 28, 34, 46, 55).  As a result, the proper basis for recovery, based on Plaintiff's allegations, is the "difference between the overtime paid and the overtime owed."  (Mot. at 3).  Plaintiff asserts that this basis for recovery applies to the meal period premiums and waiting time penalties[3] as well.  (*Id*. at 3-4).  This is in line with the rationale in *Scott v. Credico (USA) LLC* where the court, pertaining to a similar CAFA wage and hour matter, concluded, "[i]n this case, Plaintiff does not claim that class members were not paid for *any* of their work.  Rather, Plaintiff claims they were not paid for overtime or for meal and rest breaks, and Plaintiff seeks recovery of only unpaid wages."  No. 17-CV-02846-EMC, 2017 WL 4210994, at *3 (N.D. Cal. Sept. 22, 2017) (emphasis in original).  Although it is correct that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when the allegation is challenged, "[e]vidence establishing the amount is required."  *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.  Accordingly, Plaintiff has challenged Defendants' allegations, and

---

[3] Plaintiff expressly states that he and the relevant class members were paid *some* waiting time penalties, but not the correct amount that Plaintiff and relevant class members were allegedly owed.  (*See* Compl. ¶ 55) ("While Defendants paid waiting time penalties to Plaintiff and Class Members, the waiting time penalties were paid at Plaintiff and Class Members' base hourly rate rather than at their daily wage rate.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Defendants, in the Opposition, have not provided the required evidence to establish that the amount exceeds $5 million.  Accordingly, based on the foregoing allegations, the Court rejects Defendant's arguments.

Plaintiff calculates that the amount in controversy cannot exceed $431,912.50.  (Mot. at 3).  As for the overtime, Plaintiff estimates this amount to be $140,790.00.  ("Declaration of Desiree Ruiz Alfaro," Dkt. No. 8-1 ¶ 9).  Plaintiff reached this figure by multiplying Plaintiff's average regular rate of pay by 1.5, then multiplied that figure by 494,000 shifts in the putative class period and applied a 20% violation rate to reach a subtotal of $3,460,470.00 ($23.35 average rate of pay x 1.5 x 494,000 x 0.20).  (*Id.*).  Then, Plaintiff subtracted the $3,319,680.00 ($22.40 average base hourly rate x 1.5 x 494,000 x 0.20) amount of overtime wages owed at the base overtime rate as calculated by Defendants to reach an amount in controversy of $140,790.00 (3,460,470.00 - $3,319,680.00).  (*Id.* ¶ 10).  Plaintiff calculated the difference between the amount paid for overtime wages from the amount owed for overtime wages.  (*Id.*).  Plaintiff calculated the total figure of meal period premiums to be $93,860.00.  (*Id.* ¶ 11).  Plaintiff multiplied Plaintiff's average regular rate of pay by 494,000 shifts in the putative class period and applied a 20% violation rate to reach a subtotal of $2,306,980.00 ($23.35 average rate of pay x 494,000 x 0.20).  (*Id.* ¶ 12).  Plaintiff then subtracted the $2,213,120.00 ($22.40 average base hourly rate x 494,000 x 0.20) amount of meal period premiums owed at the base hourly rate as calculated by Defendants to reach $93,860.00.  (*Id.*).  Again, Plaintiff reached this figure by calculating the difference between the amount paid for meal periods versus the amount owed for meal periods.  (*Id.*).

Additionally, Plaintiff estimated the amount in controversy for Plaintiff's waiting time penalty claim to be $110,880.00 by calculating the difference between the amount paid for waiting time penalties versus the amount owed for waiting time penalties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(*Id*. ¶¶ 13-14).  To reach this figure, Plaintiff multiplied Plaintiff's average regular rate of pay by 8 hours per day by 30 days to reach a subtotal of $1,294,524.00 ($23.35 x 8 hours per day x 30 days).  (*Id*. ¶ 14).  Plaintiff then subtracted the $1,183,644.00 ($22.40 average base hourly rate x 8 hours per day x 30 days) amount of waiting time penalties owed at the base hourly rate as calculated by Defendants to reach the amount of $110,880.00.  (*Id*.).

Finally, Defendants' estimated attorneys' fees are also insufficient to carry its burden of demonstrating that the jurisdictional amount in controversy has been satisfied for two reasons.  First, this Court has previously found the basis of the attorneys' fee (the total amount Defendants assert for overtime wages, meal period premiums and waiting time penalties) to be speculative.  Secondly, using the benchmark rate of 25 percent in attorneys' fees, the calculation of the amount in controversy would be restricted to only the total non-speculative amounts that Plaintiff has established of $345,530 and $86,382.50 (the attorneys' fee amount), which does not exceed $5 million.

///

///

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion, and **REMANDS** this case to the Los Angeles Superior Court.  All dates and deadlines are **VACATED**.  The Clerk's Office is **ORDERED** to administratively close this case.

The Court **DENIES** Defendants' Motion to Compel Arbitration ("Defendants' Motion to Compel Arbitration," Dkt. No. 13) as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**IT IS SO ORDERED.**